RECEIVED
IN LAKE CHARLES, LA.

DEC 13 2013

TONY R. MOORE, CLERK
BY_____
        DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DOUGLAS TRENT YOUNGBLOOD | * | CIVIL ACTION NO. 2:12-CV-00287 |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | JUDGE MINALDI |
| | * | |
| RAIN CII CARBON, L.L.C. | * | |
| | * | |
| Defendant | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM RULING

Before the court is the plaintiff's FRCP 56(e) Motion to Strike "Sham" Declaration of David Rhoden [Doc. 36].  The defendant, Rain CII Carbon, L.L.C. (Rain), filed a Memorandum in Opposition [Doc. 61].  Rain has also submitted a Request for Oral Argument [Doc. 62] on the merits of the aforementioned Motion.  For the following reasons, both Motions [Docs. 36 & 62] are hereby **DENIED**.

### BACKGROUND

This action stems from injuries sustained by the plaintiff at Rain's industrial facility during the course of his employment as a pneumatic truck driver for Ron Williams Construction Company, Inc.[1]  On August 10, 2011, the plaintiff was loading and sampling petroleum coke atop his round tanker truck while utilizing Rain's fall protection system.[2]  The fall protection system essentially consists of a long overhead "I-beam" to which a rolling trolley is attached.[3]  The trolley connects to a retractable lanyard and yo-yo which connects to the worker below via a

---

[1] Pet. [Doc. 1-2], at ¶ 2.
[2] *Id.* at ¶ 3.
[3] *Id.*

1

safety harness.  On the date in question, the trolley allegedly broke free of the I-beam and

plunged toward the ground, thus jerking the plaintiff violently and thereby causing injury.[4]

On June 28, 2013, David Rhoden, Rain's Plant Manager, was deposed in this case.[5]

During that deposition, Mr. Rhoden was asked a series of questions pertaining to whether any

preventative maintenance had been conducted on the trolley.  Mr. Rhoden engaged in the

following colloquy:

> Q.     As [Rain's] Plant Manager, do you feel, in any way, responsible to Mr.
> Youngblood in having failed to have a preventative maintenance schedule for the
> piece of equipment that he was required to use . . . as part of your company's
> policies?
> A.     I take responsibility for that.[6]

Rain subsequently filed the 28 U.S.C. § 1746 Declaration of David Rhoden [Doc. 36-3], in

which Mr. Rhoden acknowledged the above statement given in deposition, stating, "I responded

[to counsel's question], 'I take responsibility for that,' meaning that I take responsibility for

preventative maintenance schedules.  I do not take responsibility for the August 10, 2011

incident or Plaintiff's alleged injuries."[7]

The plaintiff now moves to strike this declaration as Rain's attempt to manufacture a

genuine issue of material fact while the plaintiff's Motion for Partial Summary Judgment [Doc.

33] is pending.[8]  The plaintiff argues that the declaration "directly conflicts with [Mr. Rhoden's]

earlier sworn deposition testimony and must be stricken from evidence."[9]

## ANALYSIS

Federal Rule of Procedure 56(e) states:

---

[4] *Id.* at ¶ 4.
[5] Dep. of David Rhoden [Doc. 36-4].
[6] *Id.* at 3.
[7] 28 U.S.C. § 1746 Declaration of David Rhoden [Doc. 36-3], at ¶¶ 8-9.
[8] Mem. in Supp. of FRCP 56(e) Motion to Strike "Sham" Declaration of David Rhoden [Doc. 36-1], at 2.
[9] Mem. in Supp. of FRCP 56(e) Motion to Strike "Sham" Declaration of David Rhoden [Doc. 36-1], at 1.

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) Give an opportunity to properly support or address the fact;
> (2) Consider the fact undisputed for purposes of the motion;
> (3) Grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) Issue any other appropriate order.

"It is well settled that [the Fifth Circuit] does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches without explanation sworn testimony." *S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (citations omitted). *See also Chambers v. Sears Roebuck & Co.*, 428 Fed. Appx. 400, 419 n.54 (5th Cir. 2011) (wherein the court refused to consider some of plaintiffs' affidavits because they contradicted prior sworn deposition testimony). However, "when an affidavit merely supplements rather than contradicts prior deposition testimony, the court may consider the affidavit when evaluating the genuine issues in a motion for summary judgment." *S.W.S. Erectors*, 72 F.3d at 496 (citing *Clark v. Resistoflex Co.*, 854 F.2d 762, 766 (5th Cir. 1988)). Thus, the central issue to be decided is whether Rhoden's deposition testimony is necessarily contradictory to his subsequent declaration.

The plaintiff argues that Mr. Rhoden's subsequent declaration must be stricken as it directly contradicts his earlier sworn deposition.[10] Among the cases cited by the plaintiff for support is *Bryant v. Western Electric Co.*, 572 F.2d 1087 (5th Cir. 1978), wherein the court disregarded a plaintiff's affidavit filed in opposition to the defendant's motion for summary judgment because it directly conflicted with deposition testimony that he gave prior to trial. *Id.* at 1088. In *Moffett v. Miss. Dep't of Mental Health*, 507 Fed. Appx. 427 (5th Cir. 2013), the Fifth Circuit held that exclusion of a statement given by affidavit subsequent to a deposition was properly stricken where the subsequent affidavit alluded to the plaintiff's having threatened to

---

[10] *Id.* at 1-2.

3

report the wrongdoing of the defendant-department to the attorney general, and the plaintiff had inexplicably omitted this crucial fact during her deposition testimony. *Id.* at 433.

In the instant case, viewing the plain language of both the initial deposition and the subsequent affidavit, it does not seem that the two statements are so inconsistent, as was the case in *Moffett*, such that the exclusion of the declaration would be justified. It seems to the court that the interpretation of Mr. Rhoden's deposition testimony posited by Rain is, at the very least, plausible enough to survive a Motion to Strike on the basis of inconsistency. The Fifth Circuit has stated,

> [i]n reviewing a motion for summary judgment the court must consider all of the evidence before it, including affidavits that conflict with deposition testimony. A genuine issue of material fact may be raised by such an affidavit 'even if it conflicts with earlier testimony in the party's deposition.' . . . . To the extent they exist, discrepancies in those averments present credibility issues properly put to the trier-of-fact.

*Dibdale of La., Inc. v. Am. Bank & Trust Co.*, 916 F.2d 300, 307 (5th Cir. 1990) (citations omitted). Thus, to the extent that the subsequent declaration by Mr. Rhoden conflicts with his deposition testimony, if at all, that goes chiefly to the weight of the evidence rather than its admissibility. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Strike [Doc. 36] be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that Rain's Motion [Doc. 62] requesting oral argument on the merits of the plaintiff's Motion to Strike be and hereby is **DENIED**.

Lake Charles, Louisiana, this 13 day of _December_ 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4