

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DOUGLAS TRENT YOUNGBLOOD** | * | CIVIL ACTION NO. 2:12-CV-00287 |
| Plaintiff | * | |
| V. | * | JUDGE MINALDI |
| **RAIN CII CARBON, L.L.C.** | * | |
| Defendant | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the plaintiff's Motion in Limine to Exclude Evidence and Any Mention or Reference to Witness Robert Harris' 1989 Criminal Conviction [Doc. 40], to which the defendant, Rain CII Carbon, L.L.C. (Rain), has filed an Opposition [Doc. 63]. For the following reasons, the motion is **GRANTED**.

Federal Rule of Evidence 609(b) states that, when more than ten (10) years have passed since a witness's criminal conviction or release from confinement, whichever is later,

> [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

There is no indication here, nor does Rain argue, that the probative value of Mr. Harris' criminal conviction outweighs its prejudicial effect. Rain does not oppose the exclusion of Mr. Harris' conviction at trial, but only files an opposition to reiterate Rain's position that Mr. Harris' testimony concerning his circumstances surrounding his departure from the employ of Ron Williams Construction, Inc., conflicts with the account given by his former supervisor. As that matter is not properly before the court in this motion, it is of no moment.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion in Limine [Doc. 40] to exclude Robert Harris's 1989 criminal conviction is hereby **GRANTED**.

Lake Charles, Louisiana, this 13 day of December, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE