RECEIVED
IN LAKE CHARLES, LA.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

JAN 23 2014

TONY R. MOORE, CLERK
BY_____
                          DEPUTY

| | | |
|---|---|---|
| **DOUGLAS TRENT YOUNGBLOOD** | * | **CIVIL ACTION NO. 2:12-CV-00287** |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **V.** | * | **JUDGE MINALDI** |
| | * | |
| **RAIN CII CARBON, L.L.C.** | * | |
| | * | |
| **Defendant** | * | **MAGISTRATE JUDGE KAY** |

**************************************************************************

## MEMORANDUM RULING

Before the court is the plaintiff's Motion in Limine [Doc. 37], to which the defendant,

Rain CII Carbon, L.L.C. (Rain), has filed an Opposition [Doc. 64]. Also before the court, are

Rain's Motion in Limine [Doc. 48], to which the plaintiff has filed an Opposition [Doc. 84], as

well as the plaintiff's Motion for Partial Summary Judgment [Doc. 33], to which Rain has filed

an Opposition [Doc. 23], and the plaintiff has filed a Reply [Doc. 35]. For the following reasons,

the plaintiff's Motion in Limine [Doc. 37] is **GRANTED IN PART, and DENIED IN PART**.

Rain's Motion in Limine [Doc. 48] is **GRANTED**, and the plaintiff's Motion for Summary

Judgment [Doc. 33] be and hereby is **DENIED**.

## FACTS & PROCEDURAL HISTORY

The plaintiff, Douglas Trent Youngblood, filed suit against Rain in the 14th Judicial

District Court for the Parish of Calcasieu on December 8, 2011, for injuries allegedly sustained

by the plaintiff at Rain's Sulphur, Louisiana, facility.[1] The plaintiff alleges that, on or about

---

[1] Pet. [Doc. 1-2], at ¶ 1-3.

August 10, 2011, the plaintiff sustained injuries as a result of the catastrophic failure of an overhead pulley fall prevention system that was provided to the plaintiff by Rain.[2]

The plaintiff was employed at the time by Ron Williams Construction, Inc. (Ron Williams), as a pneumatic tank truck delivery driver, whose responsibilities included the loading and sampling of petroleum coke at the Rain facility for delivery to Louisiana Pigment Company, L.P. (Louisiana Pigment). The completion of this task required the plaintiff to climb atop his truck, secure himself to the fall prevention retractable lanyard via a harness that he wore on his person, and insert a sampling rod into the coke within the truck in order to take a sample of the petroleum coke.

On the day in question, the plaintiff alleges that he was performing the sampling procedure when the overhead trolley system, which ran along a long "I-beam" overhead, came loose from its overhead track without warning and plunged toward the ground, causing the plaintiff's body to be violently "jerked and pulled about," resulting in severe injuries.[3] The plaintiff subsequently filed suit against Rain.

The plaintiff's petition sought recovery under a negligence theory, as well as recovery under Louisiana Civil Code Article 2317.1.[4] Rain removed the case to federal court on January 25, 2012, on the basis of diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[5] On July 23, 2012, the plaintiff filed a Motion [Doc. 18] seeking leave to file a Motion for Summary Judgment in excess of twenty-five pages, which was subsequently granted by the court.[6] The plaintiff's Motion for Partial Summary Judgment [Doc. 33] was thereafter entered into the record. The plaintiff's Motion seeks a grant of summary judgment on the issue of

---

[2] *Id.* at ¶ 3.
[3] *Id.* at ¶ 4, 8.
[4] *Id.* at ¶ 9-10.
[5] Not. of Removal [Doc. 1], at ¶ 4.
[6] Order [Doc. 32].

liability alone.[7]  Also before the court is the plaintiff's Motion in Limine [Doc. 37], seeking to exclude any reference by Rain to Rain's theory of causation—namely, that the plaintiff intentionally tampered with the trolley system himself, thereby causing his injuries.[8] Rain has also filed a Motion in Limine [Doc. 48], seeking to exclude the admission of any evidence of Rain's subsequent remedial measures in order to prove negligence.[9]

## LAW & ANALYSIS

### THE PLAINTIFF'S MOTION IN LIMINE

The plaintiff's Motion in Limine [Doc. 37] seeks to "exclude any reference or suggestion by [Rain] of [the plaintiff's] alleged intentional tampering" with the fall prevention system as a possible cause of the plaintiff's accident and injuries.[10]  The plaintiff argues first that such evidence is irrelevant and inadmissible under Federal Rules of Evidence 401 and 402.[11]  The plaintiff further argues that the introduction of such evidence should be prohibited by Federal Rule of Evidence 403 because there is no factual support for Rain's allegations.[12]  Lastly, the plaintiff argues that such evidence is purely speculative, and, as such, should be precluded under Federal Rule of Evidence 701, which prohibits the admission of opinion testimony by non-expert witnesses.[13]

Relevant evidence is that evidence which "has a tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." FED. R. EVID. 401.  Evidence that is not relevant is not admissible.  FED. R. EVID. 402.

---

[7] Memo. in Supp. [Doc. 33-1], at 1.
[8] Mot. in Limine [Doc. 37], at 1.
[9] Mot. in Limine [Doc. 48], at 1.
[10] Mot. in Limine [Doc. 37], at 1.
[11] *Id.* at 5-6.
[12] *Id.* at 6-12.
[13] *See id.* at 12-13.

Whether the plaintiff intentionally tampered with the trolley in order to deliberately cause a fall to take place bears directly on the plaintiff's ability to prove causation. Louisiana Civil Code Article 2315.7, which is one of the avenues through which the plaintiff seeks recovery, provides that

> [t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

LA. CIV. CODE ANN. art. 2317.1 (2006). Thus, if the plaintiff's injuries were caused by the plaintiff's tampering with the trolley system, rather than the result of the "ruin, vice, or defect" of the trolley system itself, the plaintiff would be precluded from recovering. As such, evidence of tampering would certainly be relevant, and therefore could not be properly excluded under either articles 401 or 402 of the Federal Rules of Evidence.

Rule 403 of the Federal Rules of Evidence states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "[A]ll probative evidence is by its very nature prejudicial." *United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (*citing United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994)). As such, courts should exclude evidence only "'sparingly' and only in those circumstances where the prejudicial effect *substantially* outweighs the probative value." *Id.* (*citing United States v. Leahy*, 82 F.3d 624, 637 (5th Cir. 1996)) (emphasis added).

The plaintiff argues that any reference to the plaintiff's alleged tampering should be excluded under the balancing test of article 403 because there is no factual basis supporting

4

Rain's theory of tampering.[14]  In response, Rain cites its engineering expert report which essentially concludes that tampering is the most likely explanation for the failure of the fall prevention system.[15]  Rain further points out that a fact question arises as to whether the plaintiff tampered with the trolley because 1) Rain and Ron Williams employees observed the trolley working properly on August 8, 2011; 2) the trolley worked properly on August 9, 2011; 3) the trolley worked for the fifteen to thirty minutes that the plaintiff worked prior to his fall on August 10, 2011, the day of the incident; 4) the system worked for at least twenty consecutive days prior to the incident; 5) and the trolley's pins that allegedly failed were never found.[16]

As there were no witnesses to the incident in question, except of course for the plaintiff, and also based upon the parties' filings thus far, it seems a reasonable prediction that the outcome of this case will depend largely upon witness credibility determinations and expert testimony.  The Fifth Circuit has stated that, "in a 'battle of the experts' a jury 'must be allowed to make credibility determinations and weigh the conflicting evidence in order to decide the truth of the matter.'"  *Foradori v. Harris*, 523 F.3d 477, 516 (5th Cir. 2008) (*citing Garner v. Santoro*, 865 F.2d 629, 644 (5th Cir. 1989)).  Rain appears prepared to present at least one expert witness who would testify to whether the trolley system could have failed absent some tampering by the plaintiff.  Evidence of tampering is clearly relevant, and, under these facts, any prejudice created by the admission of such evidence would not substantially outweigh its probative value under the 403 balancing test.  Further, the plaintiff will have an ample opportunity to cross-examine any of Rain's expert witnesses as well as to present expert testimony of his own on the issue of tampering.  Accordingly,

---

[14] Memo. in Supp. [Doc. 37-1], at 7.
[15] Memo. in Opp. [Doc. 64], at 9 (*citing* PAI Engineering Report [Doc. 64-6], at 7).
[16] Memo. in Opp. [Doc. 64], at 10-11.

**IT IS ORDERED** that the plaintiff's Motion in Limine [Doc. 37] be and hereby is **DENIED** insofar as it seeks the exclusion of any suggestion or reference by Rain to the plaintiff's alleged tampering with the fall prevention system.

The plaintiff also seeks to prevent the admission of any "speculative testimony of lay witnesses."[17]  For instance, Rain seeks to admit statements of Billy Reeves, Ron Williams' Manager of Health, Safety and Environmental, to the effect that the trolley "wouldn't operate without the pins installed in it."[18]  Rain also seeks the admission of certain statements of Bobby Smith, Ron Williams' Safety Inspector, to the effect that the fall prevention system was in proper working order prior to the accident.[19]

Federal Rule of Evidence 701 limits non-expert opinion testimony to that which is "rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue; and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.  Such an opinion by a lay person based on events that said lay person has actually perceived "must be one that a normal person would form from those perceptions." *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002) (*citing United States v. Riddle*, 103 F.3d 423, 428 (5th Cir. 1997) (citation omitted)).

Fifth Circuit jurisprudence has held that, "[a]s a general rule, [non-expert] police officers' lay 'opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene' are excluded under Rule 701." *Duhon v. Marceaux*, No. 00-31409, 2002 U.S. App. LEXIS 28209, at *10 (5th Cir. Feb. 25, 2002) (citations omitted).  Similar reasoning may be applied here.  Rain is attempting to submit lay person opinion testimony as to how an accident

---

[17] Memo. in Supp. [Doc. 37-1], at 12-13.
[18] *See* Depo. of Billy Reeves [Doc. 64-3], at 3.
[19] Memo. in Opp. [Doc. 64], at 13.

occurred based on lay persons' pre- and post-accident observations of the scene. Mr. Reeves' statements indicating that the trolley would not operate without the pins in it are admissible inasmuch as Mr. Reeves has actually observed the trolley's failure to operate without the pins in it. Similarly, Mr. Smith's statements that the system was in proper working order are admissible to the extent that these statements were based on his personal observations prior to the accident. However, Federal Rules of Evidence 701 and 702 dictate that Rain's non-expert witnesses shall not be permitted to give opinion testimony as to the cause of the trolley malfunction, nor shall they be permitted to hypothesize as to whether or not the plaintiff tampered in any way with the fall prevention system. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion in Limine [Doc. 37] be and hereby is **GRANTED** insofar as it seeks to exclude the admission of lay witness opinion testimony regarding the cause of the failure of the fall prevention system.

**IT IS FURTHER ORDERED** that Rain's Request for Oral Argument [Doc. 65] on this matter be and hereby is **DENIED AS MOOT**.

### RAIN'S MOTION IN LIMINE

Rain's Motion in Limine [Doc. 48] seeks the exclusion of evidence of subsequent remedial measures in order to prove negligence. Specifically, Rain seeks to exclude evidence of the post-accident "installation of fasteners in the subject trolley, the replacement of the system's yo-yo and self-retracting lanyard, the later replacement of the trolley, and inclusion of the system in Rain CII's preventative maintenance program."[20]

Federal Rule of Evidence 407 states that

[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

---

[20] Memo. in Supp. [Doc. 48-1], at 2.

- negligence;
- culpable conduct;
- a defect in a product or its design; or
- a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.

FED. R. EVID. 407.  The rule embodied in Federal Rule of Evidence 407 is based in the "firm policy ground that the admission of such evidence would be liable to over-emphasis by the jury and would discourage owners from improving the condition causing the injury because of their fear of the evidential use of such improvement to their disadvantage." *Russell v. Page Aircraft Maint., Inc.*, 455 F.2d 188, 191 (5th Cir. 1972) (citations omitted).

The plaintiff first argues that evidence of Rain's post-accident replacement of the yo-yo and the lanyard is properly admissible, because, as these items were replaced "in like kind," they were not subsequent remedial measures.[21]  This argument fails because of the definition of "subsequent remedial measures," contained with Rule 407 itself, as "measures . . . taken that would have made an earlier injury or harm less likely to occur." FED. R. EVID. 407.  There is nothing in the text of Rule 407 that requires that the measures in question be anything more than repairing a broken device with replacement parts, and the plaintiff cites no case law to support his argument in this regard.  Further, it is difficult to see how evidence of Rain's repairing an admittedly broken device is relevant to proving Rain's alleged negligence or the ruinous nature of the trolley at the time of the incident.  "[E]vidence of subsequent repair or change has little relevance to whether the product in question was defective at some previous time." *Grenada Steel Indus., Inc. v. Alabama Oxygen Co.*, 695 F.2d 883, 887 (5th Cir. 1983).

---

[21] Memo. in Opp. [Doc. 84-1], at 6-7.

The plaintiff argues in the alternative that such evidence is admissible to show ownership, control, duty, the feasibility of precautionary measures and eliminating a hazard, and for impeachment purposes.[22]  However, under Rule 407, there must be some *dispute* over ownership, control, or the feasibility of precautionary measures in order for subsequent remedial measures to be admissible.  *See generally* FED. R. EVID. 407.  Here, Rain does not dispute its ownership or control of the fall prevention system, nor does Rain dispute the feasibility of any precautionary measures.  Further, the plaintiff baldly states that the evidence is admissible "for the purpose of attacking the credibility of a witness or otherwise impeaching a witness."[23]  However, the plaintiff makes no further argument and offers no specifics in this regard.  The plaintiff also makes similar arguments requesting the admission of evidence pertaining to Rain's subsequent replacement of the subject trolley "not in like kind" and the inclusion of the fall protection system in its preventative maintenance program.[24]  However, these arguments are similarly flawed.  As the plaintiff has failed to make any argument with specificity supporting the applicability of any of the exceptions to Rule 407's prohibition on the admission of evidence of subsequent remedial measures, the court does not feel that the admission of such evidence would be appropriate at this time.  Accordingly,

**IT IS ORDERED** that Rain's Motion in Limine [Doc. 48] seeking the exclusion of any evidence of Rain's subsequent remedial measures be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that Rain's Request for Oral Argument [Doc. 49] on this matter be and hereby is **DENIED AS MOOT**.

---

[22] *Id.* at 7.
[23] *Id.* at 7.
[24] *Id.* at 8.

## THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). "In ruling upon a Rule 56 motion, 'a District Court must resolve any factual issues of controversy in favor of the non-moving party.'" *Allen v. Takeda Pharm. N. Am., Inc. (In re Actos (Pioglitazone))*, No. 6:11-md-2299, 2014 U.S. Dist. LEXIS 1126, at *23 (W.D. La. Jan. 6, 2014) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990) (citation omitted)). "[The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* at *24 (*citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (citations and internal quotations omitted)). In assessing motions for summary judgment, courts are not to weigh evidence or make credibility determinations. *Id.* at * 25 (*citing Little*, 37 F.3d at 1075). Further, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001) (*citing Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000)).

Under Louisiana law, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE. ANN. art. 2315 (2001). In order to recover under article 2315, the general tort statute upon which Louisiana's negligence framework is based,

> a plaintiff must prove five separate elements: (1) the defendant had a duty to
> conform his conduct to a specific standard (the duty element); (2) the defendant

failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).

*Roberts v. Benoit*, 605 So. 2d 1032, 1051 (La. 1992) (*citing Fowler v. Roberts*, 556 So. 2d 1, 4 (La. 1989)).

"Generally, the initial determination in the duty/risk analysis is cause-in-fact." *Andry v. Murphy Oil, U.S.A., Inc.*, 935 So. 2d 239, 255 (La. Ct. App. 2006) (*citing Boykin v. Louisiana Transit Co., Inc.*, 707 So. 2d 1225, 1230 (La. 1998)). As to the cause-in-fact element, Louisiana courts utilize two tests: the "but for" test, and the substantial factor test. *See Andry*, 935 So. 2d at 256. The "but for" inquiry asks whether the injury would have occurred without, or "but for," the defendant's substandard conduct. *Id.* (*citing Boykin*, 707 So. 2d at 1230). Where there are multiple causes of an injury, the substantial factor inquiry asks whether the defendant's conduct was a substantial factor in causing the injury. *Id.* (citations omitted).

The plaintiff submits that the fall prevention system was defective,[25] and that the accident was the result of Rain's failure to have a preventative maintenance system in place.[26] He also submits that Rain failed to abide by the manufacturer's instructions.[27] However, Rain argues that a genuine issue of material fact exists as to whether the true cause-in-fact of the plaintiff's injuries was the plaintiff's own tampering with the system.[28] If Rain were able to prove that the plaintiff's tampering with the fall prevention system was the "but for" cause of the plaintiff's injuries, such a showing would relieve Rain of liability.

---

[25] Memo. in Supp. [Doc. 33-1], at 10-11.
[26] *Id.* at 11-23.
[27] *Id.* at 23-25.
[28] Memo. in Opp. [Doc. 23], at 15-16.

The parties dispute whether the plaintiff removed the locking pins from the trolley immediately prior to the accident.[29]  They dispute the extent of the plaintiff's injuries and assessment of damages.[30]  They dispute whether Rain improperly failed to provide the plaintiff with the trolley manufacturer's instructions.[31]  They disagree over the "root cause" of the accident.[32]  Rain also argues that a genuine issue of material fact exists as to whether the accident could have been prevented even if the fall prevention system had been part of a preventative maintenance plan at the time of the accident.[33]  Clearly, there are remaining genuine disputes regarding material facts pertaining to the plaintiff's claim for negligence.

Further, as previously discussed, Louisiana Civil Code article 2317.1, in which the plaintiff has also grounded his complaint,[34] allows an injured party to recover from an owner or custodian of a thing only in the event that the damage in question was "occasioned by [the thing's] ruin, vice, or defect."  LA. CIV. CODE. ANN. art. 2317.1 (2006).  Thus, the remaining factual dispute as to whether the damage in question was caused by Rain's failure to exercise reasonable care or the plaintiff's tampering with the fall prevention device precludes the granting of summary judgment on this claim as well.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Partial Summary Judgment [Doc. 33] be and hereby is **DENIED**.

---

[29] *See* Pl.'s Statement of Undisputed Material Facts [Doc. 33-3], at ¶ 10; *compare* Rain's Response [Doc. 27], at ¶ 10.

[30] *See* Pl.'s Statement of Undisputed Material Facts [Doc. 33-3], at ¶ 11; *compare* Rain's Response [Doc. 27], at ¶ 11.

[31] *See* Pl.'s Statement of Undisputed Material Facts [Doc. 33-3], at ¶ 16; *compare* Rain's Response [Doc. 27], at ¶ 16.

[32] *See* Pl.'s Statement of Undisputed Material Facts [Doc. 33-3], at ¶ 17; *compare* Rain's Response [Doc. 27], at ¶ 17.

[33] *See* Pl.'s Statement of Undisputed Material Facts [Doc. 33-3], at ¶ 19; *compare* Rain's Response [Doc. 27], at ¶ 19.

[34] Pet. [Doc. 1-2], at ¶ 10.

**IT IS FURTHER ORDERED** that Rain's Request for Oral Argument [Doc. 24] on the merits of the plaintiff's Motion for Partial Summary Judgment be and hereby is **DENIED AS MOOT**.

Lake Charles, Louisiana, this ___ day of _____, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE