UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DOUGLAS TRENT YOUNGBLOOD | : | DOCKET NO. 12-cv-000287 |
| VS. | : | JUDGE MINALDI |
| RAIN CII CARBON LLC, ET AL | : | MAGISTRATE JUDGE KAY |

<u>MEMORANDUM ORDER</u>

Before the court is a joint Motion to Intervene [doc. 72] and Amended Motion to Intervene [doc. 87] filed by Louisiana Pigment Company, LP ("Louisiana Pigment') and American Zurich Insurance Company ("American Zurich").  The motions are opposed by defendant Rain CII Carbon LLC ("Rain") and plaintiff Douglas Trent Youngblood ("Plaintiff").

For the reasons stated herein, the Amended Motion to Intervene [doc. 87] is **GRANTED** in part and **DENIED** in part and the Motion to Intervene [doc. 72] is **DENIED** as moot.

### *Facts and Procedural History*

Plaintiff sustained injuries at Rain's industrial facility during the course of his employment as a commercial truck driver for Ron Williams Construction ("Ron Williams"). Doc. 1, att. 2.  Plaintiff was delivering loads of petroleum coke from Rain to Louisiana Pigment pursuant to an agreement between Ron Williams and Louisiana Pigment.  *Id.*  Louisiana Pigment is the statutory employer of plaintiff.  Doc. 87, att. 2, ¶ 14.

American Zurich issued a worker's compensation insurance policy naming Ron Williams as the named insured and Louisiana Pigment as an "alternate employer." Doc. 87, att. 2.

Louisiana Pigment paid the premiums for the policy. *Id.* American Zurich acted as a third party administrator for Louisiana Pigment's worker's compensation insurance plan. Doc. 111, p.4.

Following his accident, American Zurich paid plaintiff's medical expenses and worker's compensation benefits. Doc. 87, att. 2. Louisiana Pigment reimbursed American Zurich all compensation and medical payments under the deductible provision of the policy. *Id.* Both American Zurich and Louisiana Pigment jointly move to intervene in order to recover the benefits paid to plaintiff.

After Louisiana Pigment and American Zurich filed their motion to intervene, the court issued an order [doc. 83] instructing movants to amend their intervention to set forth the citizenship of the intervenors in order for the court to determine if the proposed intervention would destroy diversity.[1] In the amended motion to intervene, Louisiana Pigment asserted that it is a citizen of the States of Delaware, Texas, Utah and the nation of the Cayman Islands. Doc. 87, att. 2, p. 2. American Zurich alleged that it is a citizen of the State of Illinois. *Id.* Defendant Rain is a citizen of the States of Delaware and Connecticut and plaintiff is a citizen of the State of Louisiana.[2]

Louisiana Pigment and American Zurich seek to intervene as "of right" under Rule 24(a)(2) of the Federal Rules of Civil Procedure. They contend that no other party involved in the suit adequately represents their interest and that if they are not permitted to intervene, they would be forever barred under the Louisiana Workers Compensation Act from recovering the amounts they paid from a third party tortfeasor.[3]

---

[1] As discussed more fully below, a worker's compensation intervenor would align itself with the employee-plaintiff and its citizenship is therefore important for purposes of determining if the court exercises supplemental jurisdiction under 28 U.S.C. § 1367(b).

[2] Since Louisiana Pigment and Rain are both citizens of the State of Delaware, allowing Louisiana Pigment to intervene would destroy diversity and the basis of this court's jurisdiction.

[3] Movers cite the Louisiana Worker's Compensation statutes, LA. REV. STAT. ANN. § 23:1101, *et seq.*

Initially, both Rain and plaintiff opposed the intervention.  They argued that the motion should be denied because it was untimely and would prejudice the existing parties.  They also maintained, however, that if the court should grant the motion, the court should either remand the entire matter or sever the intervenor's claim and remand only the intervention.  Docs. 91, 103.

Following oral argument on the motion, the court granted the parties additional time to file supplemental briefs on the issues of whether Louisiana Pigment, the non-diverse potential intervenor, is a required party under Rule 19 of the Federal Rules of Civil Procedure and if so, whether allowing Louisiana Pigment to intervene would require the court to recommend dismissal of the suit or remand.[4]

In its supplemental brief movers argue that, if Louisiana Pigment is allowed to intervene, remand, rather than dismissal, is appropriate; however, they further submit that the court could allow American Zurich to proceed as the sole intervenor as it could adequately protect Louisiana Pigment's interests in the intervention.  This latter option would not require dismissal or remand. Rain, in its supplemental brief, similarly argues that Louisiana Pigment is not a required party to this action and urges the court to grant the intervention only as to American Zurich.  It agrees with movers that allowing only American Zurich to intervene would allow the matter to proceed in this court.  Plaintiff submits that Louisiana Pigment is a required party that should be allowed to intervene and that dismissal is warranted.

## *Law and Analysis*

### A.  *Rule 24 Intervention*

Rule 24 of the Federal Rules of Civil Procedure governs intervention.   It allows

---

[4] The court specifically instructed the parties to consider the Honorable Patricia Minaldi's recently published opinion in *Johnson V. Qualawash Holdings, L.L.C.*, No. 12-885, 2014 WL 60055 (W.D. La. Jan.6, 2014) where she dismissed the suit under the provisions of Rule 19 because she found that a worker's compensation insurer seeking to intervene in a suit against a third party tortfeasor was a required party who could not feasibly be joined without destroying diversity jurisdiction.

intervention either "of right" under Rule 24(a) or "permissive" under Rule 24(b).  In order to intervene as of right, the mover must either show that intervention is required under a federal statute, or he has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  FED. R. CIV. P. 24(a)(1)(2).  Permissive intervention is allowed when a federal statute provides a conditional right to intervene, or mover's claim or defense has a common question of law or fact with the main demand.  FED. R. CIV. P. 24(b)(1)(A)(B).

Here, Louisiana Pigment and American Zurich claim to be intervenors as "of right." They argue that the Louisiana Worker's Compensation Act and Louisiana jurisprudence require an employer/insurer who has paid worker's compensation benefits to intervene in the employee's suit against the third party tortfeasor in order to recover the amounts paid.  Citing, *Roche v. Big Moose Oil Field Truck Serv.,* 381 So.2d 396, 400 (La.1980), they contend that if they do not intervene, they are barred from bringing a separate suit against the third party tortfeasor.[5] Movers maintain that they must be made parties to this litigation or they will forever lose their chance of recovering from the tortfeasor.  We agree.

Louisiana worker's compensation law provides that when an injured employee brings suit against a third party tortfeasor he must notify the employer of the lawsuit and the employer may intervene as a party plaintiff in the suit.  LA. REV. STAT. ANN. art. 23:1102(A)(1).  The First Circuit explained in *Houston Gen. Ins. Co. v. Commercial Union,* 649 So.2d 776 (La. Ct. App. 1994) that:

> [a]lthough the statute provides that the other *may* intervene as a party

---

[5] In *Roche v. Big Moose Oil Field Truck Serv.,* 381 So.2d 396, 400 (La.1980) the Louisiana Supreme Court stated "the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after prior notice, bars the employer from bringing a separate suit against the third party tortfeasor."  Citations omitted.

> plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor.

*Id.* at 728 (citing *Roche v. Big Moose Oil Field Truck Serv.,* 381 So.2d 396, 400 (La.1980)), *See also Duchane v. Gallagher Kaiser Corp.,* No. 05-0171, 2005 WL 1959151, *2 (W.D. La. Aug. 10, 2005)("If the employer fails to intervene, he is precluded from filing his own action against the tortfeasor. … *Only by intervening in the employee's lawsuit will the employer's right to reimbursement of benefits already paid be preserved and protected.*")(empahasis original). Thus, unless Louisiana Pigment and/or American Zurich are allowed to intervene, they will lose their right to reimbursement. For this reason they are intevenors as of right.

### B.  28 U.S.C. §1367(b) Supplemental Jurisdiction

Since we conclude that the potential intervenors are intevornors as of right, we must now consider 28 U.S.C. §1367(b) which prohibits diversity-destroying interventions under Rule 24.

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts *shall not* have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or *seeking to intervene as plaintiffs under Rule 24 of such rules,* when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332. (emphasis added).

28 U.S.C.A. § 1367(b) (emphasis added).  Simply put, Section 1367(b) denies supplemental jurisdiction to any Rule 24 intervenor seeking to intervene as a plaintiff when the intervention would destroy the court's diversity jurisdiction.  Here, if either Louisiana Pigment or American Zurich destroys this court's diversity jurisdiction, this court cannot grant their motion to intervene.  The first step in resolving this jurisdictional question is determining whether the purported intervenors would be aligned with the plaintiff or with the defendants.

In *Dushane v. Gallagher Kaiser Corp.*, *supra*, a case in which a worker's compensation provider (General Motor's Corporation) sought to intervene in order to recover benefits paid to its employee, the court found that it lacked "supplemental jurisdiction over the employer's intervention, when the employer [was] not diverse from all defendants but [was] diverse from the plaintiff." *Id.* at *1. The court in analyzing the alignment issue stated:

> [a]fter careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word. The difference here is that the injured employee filed his own suit, thus relegating GM to the status of putative intervenor.

*Id.* at *6. *See also Paxton v. Kirk Key Interlock Co., LLC*, No. 08-583, 2008 WL 4977299, *7 n.27 (M.D. La. Oct. 21, 2008)(aligning a party seeking reimbursement for worker's compensation with the plaintiff), *Head v. Chesapeake Operating, Inc.*, No. 10-0444, 2010 WL 2246394, *1 (W.D. La. May 26, 2010)("The worker's compensation intervenor in a case like this is aligned as a plaintiff, so its citizenship must be diverse from that of all defendants or diversity will be destroyed."). We agree with the court's analysis and we find that Louisiana Pigment and American Zurich are aligned as potential plaintiff-intervenors.

American Zurich is a citizen of Illinois and allowing it to intervene would not destroy diversity. Louisiana Pigment, on the other hand, has Delaware citizenship as does defendant Rain. Thus, allowing Louisiana Pigment to intervene would destroy diversity in contravention of 28 U.S.C. §1367(b).

### C.  *Rule 19 Joinder of Parties*

Proceeding to the next step, we are instructed in *Johnson v. Qualawash Holdings, L.L.C.*, No. 12-885, 2014 WL 60055 (W.D. La. Jan.6, 2014), that when faced with a diversity-destroying potential intervenor, we are required to consider whether the party seeking to intervene is a required party under Rule 19.  When the diversity-destroying potential intervenor is a required party in whose absence an adequate judgment cannot be rendered, under Rule 19, the lawsuit cannot proceed in that party's absence and the suit must be dismissed for lack of complete diversity.  *Id.* at *5. (citing *B. Fernandez & Hnos., Inc. v. Kellogg USA.,* 440 F.3d 541, 544-47 (1st Cir.2006)).  Thus, at this point we must determine if Louisiana Pigment is a required party under Rule 19.

Rule 19(a) requires that a party who *will not* destroy subject matter jurisdiction and who is subject to service of process must be joined if:

> (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i)  as a practical matter impair the impede the person's ability to protect the interest; or
>   (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligation because of the interest.

FED. R. CIV. PRO. 19(a)(1)(B).

American Zurich falls under the first section of Rule 19 since its joinder will not destroy diversity and it claims an interest in the suit between plaintiff and the third party tortfeasor that it must assert in this action.  Thus, we find that American Zurich is a required party and is entitled to intervene.

We now turn to the more difficult question of whether Louisiana Pigment is a required party and, if so, whether the lawsuit should proceed in its absence or whether the suit should be

dismissed outright.  *See Johnson v. Qualawash, supra* at \*5-6.  To answer this we look to Rule 19(b) which deals with required parties whose joinder is not feasible.  Rule 19(b) governs whether the court should proceed without one who should be joined but who cannot because their joinder would defeat jurisdiction.  The factors the court should consider when making this decision as listed in Rule 19(b) include:

> (1)  the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2)  the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3)  whether a judgment rendered in the person's absence would be adequate; and
> (4)  whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV.PRO. 19(b).  The court has considered the factors in Rule 19(b), argument of counsel, and evidence of record and concludes that while Louisiana Pigment is a required party, it need not be included in this suit in order to adequately protect its right to reimbursement.

First and foremost, counsel representing Louisiana Pigment concedes in its supplemental brief that American Zurich, as the third party administrator over Louisiana Pigment's worker's compensation plan, has the right to recover any amounts paid to plaintiff under Louisiana worker's compensation law.  It stated in its brief, "[b]ecause American Zurich 'stands in the shoes of the employer,' Louisiana Pigment's (the statutory employer) interests are adequately represented by American Zurich as long as American Zurich's Motion to Intervene is granted."[6] Doc. 111, p. 4.

Next, the court has examined the insurance policy issued by American Zurich to Ron Williams and Louisiana Pigment.  Doc. 72, att. 4.  Pointedly, a clause in the policy entitled

---

[6] Movers cite *Blackwell v. Gallagher Bassett Services, Inc.*, No. 220-520, 2006 WL 4701989 \*2 (La. 9th Dist. Ct. Dec. 18, 2006) which noted that a third party administrator "effectively 'stands in the shoes' of the employer."

"Subrogation" provides that:

> We [American Zurich] have your [Louisiana Pigment] rights and the rights of persons entitled to the benefits of this insurance to recover losses that are reimbursable under this endorsement and any deductible amount from anyone liable for the injury.  You will do everything to protect for us and to help us enforce them.
>
> If we [American Zurich] recover any payment made under this policy from anyone liable for the injury, the amount we recover will first be applied to any payments made by us on this injury in excess of the deductible amount; only then will the remainder of that recovery, if any, be applied to reduce the deductible amount paid or reimbursed or reimbursable by you [Louisiana Pigment] on this injury.

While the first paragraph is a typical subrogation clause, the second paragraph specifically states that if American Zurich recovers any amount from a party liable for the injury (a third party tortfeasor), it will first reimburse itself for any payments it made in excess of the deductible and will next reimburse Louisiana Pigment for the amount it paid toward its deductible.  Here, the parties allege that American Zurich paid plaintiff benefits and medical expenses totaling over $125,000.  Doc. 87, att. 2, p. 4.  Louisiana Pigment has, however, reimbursed American Zurich this entire amount under the deductible portion of the insurance policy.  *Id.*  Consequently, under the express provisions of the insurance contract, if American Zurich is allowed to intervene and plaintiff recovers from the third party tortfeasor, it is obligated to reimburse Louisiana Pigment for the amount it paid toward its deductible.  In short, Louisiana Pigment's right to reimbursement is protected under the terms of its contract with American Zurich.

Interestingly enough the only current opposition to the motion to intervene is submitted by plaintiff who argues that Louisiana Pigment is a required party whose absence would "prejudice it greatly because it would have the ultimate effect of depriving them of any mechanism with which to recoup payments made to their insured that resulted from the acts of

third-party tortfeasors."  Doc. 112, p. 9.  Plaintiff goes on to submit that the suit should be dismissed without prejudice so that he can proceed in state court.  *Id.*  Plaintiff is not in Federal Court by choice and, we believe, argues this position so that he can return to the court from whence he came.  At the same time, Louisiana Pigment itself, well represented by its own advocate, has conceded that Louisiana Pigment's interests will be protected if American Zurich is allowed to intervene.  While we find plaintiff's motive to be understandable we are not persuaded by his arguent.

Considering the factors outlined in Rule 19(b), the court concludes that this case should be allowed to proceed among the current parties and with American Zurich as an intervenor. The court finds no basis to dismiss the suit as it finds that Louisiana Pigment's interests are adequately protected by allowing American Zurich to intervene and Louisiana Pigment will not be prejudiced by any judgment rendered in its absence.

### *Conclusion*

For the reasons stated, the court hereby **GRANTS** the Amended Motion to Intervene [doc. 87] as to mover American Zurich; the motion is **DENIED** as to mover Louisiana Pigment. **T**he Motion to Intervene [doc. 72] is **DENIED** as moot.

THUS DONE AND SIGNED in Chambers this 4th day of June, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE